UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN KERRY O'KEEFE,<br><br>    Plaintiff<br><br>v.<br><br>CLERK OF COURT, DEBRA K. KEMPI,<br><br>    Defendant | Case No.: 3:22-cv-00483-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff, who is an inmate in custody of the Nevada Department of Corrections (NDOC), has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An inmate submitting an application to proceed IFP must also "submit a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six months prior to the date of submission of the application." LSR 1-2; *see also* 28 U.S.C. § 1915(a)(2). If the inmate has been at the institution for less than six months, "the certificate must show the account's activity for this shortened period." LSR 1-2.

If a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). The court will assess and collect (when funds exist) an initial partial filing fee that is calculated as 20 percent of the greater of the average monthly deposits or the average monthly balance for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A)-(B). After the initial partial filing fee is paid, the prisoner is required to make monthly payments equal to 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency that has custody of the prisoner will forward payments from the prisoner's account to the court clerk each time the account exceeds $10 until the filing fees are paid. 28 U.S.C. § 1915(b)(2).

Plaintiff's certified account statement indicates that his average monthly balance for the last six months was $543.35, and his average monthly deposits were $0.

Plaintiff's application to proceed IFP should be granted. Plaintiff is required to pay an initial partial filing fee in the amount of $108.67 (20 percent of $543.35). Thereafter, whenever

his prison account exceeds $10, he must make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the $350 filing fee is paid.

## II. SCREENING

**A. Standard**

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff's complaint names as a defendant Debra K. Kempi, the Clerk of Court for the United States District Court for the District of Nevada. Plaintiff asserts that on August 25, 2022, he forwarded for e-filing a Rule 60(b)(6) motion to reopen a federal habeas case (2:11-cv-02109-JCM-VCF), but it was returned by the federal court because Plaintiff was precluded from filing things in that case while represented by counsel. Plaintiff called the clerk of court advising her that he was no longer a restricted filer because he no longer had counsel, to no avail.

There are several orders in case 2:11-cv-02109-JCM-VCF stating that Plaintiff may not file any proper person papers while represented by counsel. District Judge Mahan directed the clerk to designate Plaintiff, in proper person, as a restricted filer on the docket sheet and to return unfiled to Plaintiff, with a copy to his counsel, all papers submitted in the action in proper person. (*See* ECF Nos. 35, 39, 44, 52 in 2:11-cv-02109-JCM-VCF.) Various pro se filings were stricken or returned to Plaintiff by the Clerk's office as violating Judge Mahan's orders. (*See* ECF Nos. 42, 43, 51.)

Plaintiff asserts that the Clerk of Court improperly rejected some of his filings after his counsel had withdrawn from the case (implying he should no longer be designated a restricted filer).

The Clerk of Court has absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979).

Even accepting Plaintiff's allegations as true—that the Clerk of Court has improperly rejected his proper person filings when he should no longer be a restricted filer—such action is an "integral part of the judicial process." *Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (where bankruptcy clerks were alleged to have accepted and filed an incomplete bankruptcy petition and later refused to accept an amended petition, the clerk of court and deputy clerks were entitled to absolute quasi-judicial immunity). "[A] mistake … does not abrogate judicial immunity, even if it results in grave procedural errors." *Id*. (quotation marks and citation omitted). Quasi-judicial immunity also extends to injunctive relief. *Id*. at 1394. Granting Plaintiff injunctive relief here would, in essence, by issuing a writ of mandamus to a district court judge, which this court lacks authority

5

to do. *See id.* at 1393. Plaintiff has an adequate remedy at law through appeal. *See id.* "Should a federal judge or other federal official performing a judicial or quasi-judicial act violate a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals, including interlocutory appeals, and for petitioning for extraordinary writs in Title 28 of the United States Code." *Id.* at 1394. "To allow an action for declaratory and injunctive relief against federal officials who would be entitled to judicial immunity from damages merely engenders unnecessary confusion and a multiplicity of litigation." *Id.*

Therefore, this action against Clerk of Court Debra Kempi should be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1); however, Plaintiff is required to pay, through NDOC, an initial partial filing fee in the amount of $108.67, within thirty days of the entry of any order adopting and accepting this Report and Recommendation. Thereafter, whenever his prison account exceeds $10, he is required to make monthly payments in the amount of 20 percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or the action is otherwise unsuccessful. The Clerk should be directed to **SEND** a copy of an order adopting and accepting this Report and Recommendation to the attention of **Chief of Inmate Services for the Nevada Department of Corrections**, P.O. Box 7011, Carson City, Nevada 89702.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITH PREJUDICE**.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 1, 2023

_____
Craig S. Denney
United States Magistrate Judge