1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN KERRY O'KEEFE, | Case No. 3:22-cv-00483-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| CLERK OF COURT, DEBRA K. KEMPI, | |
| Defendant. | |

*Pro se* Plaintiff Brian Kerry O'Keefe brings this action for constitutional violations relating to proceedings in a habeas corpus case filed by Plaintiff in 2011, 2:11-cv-02109-JCM-VCF. Before the Court are: (1) the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 3), recommending that Plaintiff's *In Forma Pauperis* ("IFP") application be granted but that this action be dismissed with prejudice and without leave to amend, to which Plaintiff timely filed an objection (ECF Nos. 4, 5); (2) Plaintiff's motion to strike (ECF No. 6) the R&R; (3) Plaintiff's amended IFP application (ECF No. 7); and (4) Plaintiff's motion for leave to file a first amended complaint (ECF No. 8). As explained below, the Court: (1) adopts the R&R in part and rejects the R&R in part, denying Plaintiff's IFP application as moot and dismissing this action without requiring Plaintiff to pay the filing fee; (2) denies Plaintiff's motion to strike; (3) denies as moot Plaintiff's amended IFP application; and (4) denies as futile Plaintiff's motion for leave to file an amended complaint.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Here, Plaintiff sues Clerk of Court Debra Kempi for prohibiting Plaintiff from making further filings in his habeas case, 2:11-cv-02109-JCM-VCF, due to Plaintiff's

status as a restricted filer in that case. Plaintiff alleges that his status as a restricted filer is in error since he was made a restricted filer when Plaintiff had counsel, i.e. only Plaintiff's counsel could file and not Plaintiff in proper person, but Plaintiff no longer has counsel and yet his filings continue to be rejected.

Judge Denney recommends dismissal of this action because Debra Kempi is entitled to quasi-judicial immunity and because Plaintiff's proper avenue for redress is appeal in the habeas case. Having reviewed the record in this case and in 2:11-cv-02109-JCM-VCF, the Court agrees with Judge Denney. As Judge Denney explains, issuing a writ of mandamus for the Court to accept Plaintiff's filings in his habeas case would be tantamount to one District Judge enjoining another, which is not permitted. Plaintiff has the ability to appeal the actions taking in his habeas case, and it appears that Plaintiff has already done so. (*See* ECF Nos. 60, 61 in 2:11-cv-02109-JCM-VCF.) The Court agrees with Judge Denney that this case should be dismissed. For the same reasons, the Court denies Plaintiff's motion for leave to file an amended complaint, as the proposed amended complaint makes essentially the same allegations as the instant complaint.

Plaintiff's motion to strike argues that Judge Denney lacks jurisdiction in this case since it is related to a habeas proceeding. Regardless of whether this case could be considered related to a habeas proceeding, Judge Denney's R&R is proper and ultimately it is the District Judge that adopts the R&R. Plaintiff's motion to strike is denied.

The Court rejects the R&R insofar as it requires that Plaintiff's complaint be filed and Plaintiff be assessed the filing fee. The Court denies Plaintiff's IFP application and amended IFP application as moot and declines to assess Plaintiff the filing fee.

It is therefore ordered that Judge Denney's Report and Recommendation (ECF No. 3) is accepted in part and rejected in part.

1    It is further ordered that Plaintiff's application to proceed *in forma pauperis*
2  (ECF No. 1) is denied as moot.

3    It is further ordered that the Clerk file Plaintiff's complaint (ECF No. 1-1).

4    It is further ordered that Plaintiff's motion to strike (ECF No. 6) is denied.

5    It is further ordered that Plaintiff's amended application to proceed *in forma*
6  *pauperis* (ECF No. 7) is denied as moot.

7    It is further ordered that Plaintiff's motion for leave to file an amended
8  complaint (ECF No. 8) is denied as futile.

9    Plaintiff will not be assessed the filing fee in this case.

10    The Clerk of Court is directed to administratively close this case.

13    DATED THIS 15th day of August 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE